UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G., individually and as co-successor-in-interest to Decedent STEVEN TAYLOR, by and through her Guardian-ad-Litem, Christina Grigsby,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN LEANDRO, a municipal corporation; JASON FLETCHER, individually and in his capacity as an officer for the City of San Leandro; STEFAN OVERTON, individually and in his capacity as an officer for the City of San Leandro; and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>Defendants. | Case No. 24-cv-01273-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. No. 15 |

Now before the Court is the motion to dismiss and motion to strike filed by Defendant City of San Leandro (the "City").[1] The City moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(f) on the grounds that the complaint "fails to state claims asserted against the City." (Dkt. No. 15 at 2.) The City also moves to strike Plaintiff's request for punitive and exemplary damages as "immaterial" on the grounds that "such damages are not recoverable against public entity defendants as a matter of law." (*Id*.) Having considered the parties' papers and authorities, the Court **GRANTS** the City's motion to dismiss and motion to strike.

\\

---

[1] Defendants Stefan Overton ("Overton") and Jason Fletcher ("Fletcher") joined the City's motion on July 29, 2024 and July 30, 2024, respectively. Dkt. Nos. 16, 17.

**BACKGROUND**

On April 18, 2020, San Leandro police officers Jason Fletcher and Stefan Overton reported to the call of a robbery occurring at a Walmart. (*Id.* ¶ 11.) Steven Taylor, the decedent, was "in the doorway of the retail store" and "holding a bat." (*Id.*) Defendant Fletcher "ordered [Mr.] Taylor to drop the bat" but "Mr. Taylor did not respond" and "stood still with the baseball bat at his side." (*Id.* ¶ 12.) According to Plaintiff A.G. ("A.G."), Defendant Fletcher "did not attempt to deescalate the situation" and "failed to use time or distance to safety detain Mr. Taylor." (*Id.*) A.G. alleges that Defendant Fletcher "tazed [Mr.] Taylor multiple times without any warning or provocation," and in response, Mr. Taylor "moved away from the officers," "held up the baseball bat in an effort to shield himself from the officers[,]" and "did not attempt to use the bat as a weapon against the officers." (*Id.*) A.G. alleges that Defendant Fletcher then "removed his firearm[,]" "pointed both his firearm and taser at [Mr.] Taylor[,]" and "shot Mr. Taylor." (*Id.*) Mr. Taylor "fell to the ground," and Defendant Overton "tazed [Mr.] Taylor again." (*Id.*) A.G. alleges that "[i]t took no more than 40 seconds between the time the officers entered the Wal Mart until the time that Defendant Fletcher shot [Mr.] Taylor." (*Id.*) Mr. Taylor died from his injuries and is survived by three minor children—A.G., S.T.M., and K.T. (*Id.* ¶ 13.)

On April 15, 2022, a separate action was filed by S.T.M. and K.T., *Kitchen v. City of San Leandro, et al.*, N.D. Case No. 22-cv-02373-JSW, which has been related with the instant action. (Dkt. No. 42.) Plaintiffs in *Kitchen* are represented by separate counsel. (Dkt. No. 15 at 9.)

A.G. filed suit on March 1, 2024 and brought seven claims—three 42 U.S.C. § 1983 claims and four state law claims—(1) excessive force against all Defendants; (2) violation of civil rights to familial relationship against Defendants Fletcher and Overton; (3) *Monell* claim against the City; (4) wrongful death against all Defendants; (5) violation of California Civil Code § 52.1; (6) negligence against all Defendants; and (7) battery against all Defendants. (Compl. ¶¶ 20–51.) The City now moves to dismiss A.G.'s complaint on three grounds: (1) A.G. lacks standing under Rule 12(b)(1); (2) A.G. fails to state a § 1983 claim under Rule 12(b)(6); (3) A.G.'s state law claims are barred by the Government Claims Act. The City also moves to strike A.G.'s prayer for punitive and exemplary damages under Rule 12(f).

2

# ANALYSIS

## A. Applicable Legal Standard

A lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id*. The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6). *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If the allegations in a complaint are insufficient to state a claim, a court should grant leave to amend unless amendment would be futile. *Reddy v. Litton Indus. Inc.*, 912 F.3d 291, 296 (9th Cir. 1990).

## B. The City's Motion to Dismiss for Lack of Standing Under Rule 12(b)(1)

"Under California law, 'a cause of action for . . . a person is not lost by reason of the person's death, but survives subject to the applicable limitations period.'" *Cardenas v. Cnty. of*

*Napa*, No. 24-CV-04248-DMR, 2024 WL 4557748, at *2 (N.D. Cal. Oct. 22, 2024) (quoting Cal. Civ. Proc. Code § 377.20(a)). "A cause of action belonging to the decedent 'passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest.'" *Id*. (quoting Cal. Civ. Proc. Code § 377.30). California Code of Civil Procedure § 377.32 "states that a person 'who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest . . . shall execute and file an affidavit or declaration under penalty of perjury' providing specific information about the decedent, the decedent's estate, and the person's status as the decedent's successor in interest." *Id*. (quoting Cal. Code Civ. Proc. § 377.32(a)(1)-(7)).

The City argues A.G.'s complaint should be dismissed for lack of standing. More specifically, the City argues that "[t]he Complaint [] states no facts showing that [] A.G. has complied with the requirements to establish that he has standing to assert claims on Taylor's behalf as his co-successor in interest" as A.G. "has not filed the requisite declaration" under § 377.32. (*Id*. at 11–12.) A.G. argues that "[t]he filing of the application for successor-in-interest status is not . . . required to survive a motion to dismiss a civil case" and a § 377.32 declaration can be filed "during a pending action or proceeding." (Dkt. No. 18 at 9.) The Court agrees with A.G.

A.G. filed his successor-in-interest declaration with the Court on April 10, 2024, and the declaration complies with the requirements outlined in § 377.32(a). (Dkt. No. 11.) A.G. has shown he has standing to bring claims on Mr. Taylor's behalf. *See Cardenas*, 2024 WL 4557748, at *2 (finding the requirements of § 377.32 satisfied where the plaintiff filed the requisite declaration with her opposition to the motion to dismiss); *Galindo v. City of San Francisco*, 718 F. Supp. 3d 1121, 1131–32 (N.D. Cal. 2024) (finding claim was not barred where § 377.32 declaration was filed during the litigation but after the statute of limitations had passed); *Gutierrez v. City of Woodland*, No. CIV. S-10-1142 LKK, 2012 WL 1640509, at *6 (E.D. Cal. May 9, 2012) ("Section 377.32 does not indicate that it is a condition precedent to filing the lawsuit, only that the affidavit must be filed at some point.").

\\

4

**C.    The City's Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)**

**1.    42 U.S.C. § 1983 Claims[2]**

**a.    Excessive Force**

A.G. and the City both acknowledge "the City is not a proper defendant with respect to the Fourth Amendment claims." (Dkt. No. 18 at 10.) The Court agrees. *See Tien Van Nguyen v. City of Union City*, No. C-13-01753-DMR, 2013 WL 3014136, at *8 (N.D. Cal. June 17, 2013) ("To the extent the FAC asserts the excessive force claim against the City, that claim is dismissed with prejudice, because a municipality cannot be held liable under Section 1983 on a respondeat superior theory for the torts allegedly committed by its employees."); *Marotz v. City of San Francisco*, No. C-13-01677 DMR, 2014 WL 1571623, at *7 (N.D. Cal. Apr. 18, 2014) (same). Accordingly, A.G.'s first cause of action—excessive force in violation of 42 U.S.C. § 1983—is DISMISSED WITH PREJUDICE as alleged against the City.

**b.    *Monell***

A local government may not be sued under a theory of respondeat superior for injuries inflicted by its employees or agents. *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). However, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690.

Under *Monell*, a plaintiff may establish municipal liability by demonstrating that "(1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

In "limited circumstances," the failure to train municipal employees can serve as the policy

---

[2] Plaintiff also alleges a violation of civil rights to familial relationship under 42 U.S.C. § 1983. (Compl. ¶¶ 23–25.) The City is not a named defendant to this claim, and Defendants Fletcher and Taylor have not moved to dismiss this claim.

5

underlying a *Monell* claim. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "For liability to exist, a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Rosenbaum v. City of San Jose*, No. 20-CV-04777-LHK, 2021 WL 6092205, at *21–22 (N.D. Cal. Dec. 23, 2021) (quotation omitted). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id*. (quotation omitted). "[A] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id*. (quotations omitted). "Following United States Supreme Court case law stating that failure to train claims require pleading a pattern of unconstitutional violations, the Ninth Circuit has held that specific facts must be alleged to support a plaintiff's failure to train theory." *Id*. (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 484–85 (9th Cir. 2007)).

A plaintiff must also demonstrate that the government's official policy or custom was the "moving force" responsible for the infliction of the plaintiff's injuries. *Monell*, 436 U.S. at 694. "To meet th[e] causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A.G.'s *Monell* claim is based on the City's alleged failure to train. A.G. alleges that Defendants Fletcher and Overton "were improperly trained in balancing officer and public safety with respect to using reasonable force to safely detain" Mr. Taylor. (Compl. ¶ 27.) A.G. further alleges that the City knew that Defendant Fletcher "used excessive force on multiple occasions in the past" and "[d]espite these incidents," the City "failed to properly train [Defendant Fletcher] in the use of force." (*Id*.) According to A.G., "[t]hese training failures were a substantial factor and moving force in the violation of" Mr. Taylor's rights, "culminating in his death caused by Defendant Officers . . . ." (*Id*. ¶ 28.) The City argues that A.G.'s *Monell* claim should be dismissed because the complaint "states no facts to meet the high deliberate indifference standard necessary to state a *Monell* inadequate training claim . . . ." (Dkt. No. 15 at 15.) The Court agrees

with the City.

A.G. has not alleged facts sufficient to plead a "pattern of unconstitutional violations." *Rosenbaum*, 2021 WL 6092205, at *22. A.G.'s complaint is bereft of any factual allegations "about any officer's training, [] the inadequacy of that training, or [] a pattern of constitutional violations resulting from inadequate training." *Id*. The complaint makes conclusory allegations that the City "failed to properly train" Defendants Fletcher and Overton but does not contain any factual allegations about the training Defendants Fletcher and Overton received or how such training was inadequate. The complaint also does not allege a "pattern of constitutional violations" ***resulting from*** the City's allegedly inadequate training. Although the complaint alleges that Defendant Fletcher "has been sued multiple times for use of excessive force, including in 2007 and 2009," that does not rise to a "pattern of unconstitutional violations." (Compl. ¶ 27.) *See Rosenbaum*, 2021 WL 6092205, at *22 ("Without evidence of a pattern of similar constitutional violations, Plaintiff cannot state a *Monell* claim for failure to train."); *Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1032 (N.D. Cal. 2022) (dismissing *Monell* claim for alleged failure to train where "[t]he complaint contain[ed] no allegations about the specific training that was deficient or how it was deficient and d[id] not allege how the training deficiencies resulted in the alleged constitutional violations"); *Bagley v. City of Sunnyvale*, No. 16-CV-02250-JSC, 2017 WL 5068567, at *6 (N.D. Cal. Nov. 3, 2017) ("Instead of alleging facts specific to the [c]ity's training program, the [p]laintiff's allegations are limited to individual officers' on-site conduct in no more than three isolated instances, including the one at issue here. Thus, [p]laintiff fails to plausibly plead a *Monell* claim."). Accordingly, A.G.'s *Monell* claim is DISMISSED with leave to amend to assert factual support for his *Monell* claim.

**2. State Law Claims**

The Government Claims Act (GCA) (Gov. Code, § 810 et seq.) governs actions against public entities and public employees. *See Cnty. of Los Angeles v. Superior Ct.*, 127 Cal. App. 4th 1263, 1267–68 (2005). Under the GCA, "no person may sue a public entity or public employee for 'money or damages' unless a timely written claim has been presented to and denied by the public entity." *Id*. (citing Gov. Code, § 945.4). "With certain exceptions, an action against a

7

Case 4:24-cv-01273-JSW     Document 23     Filed 03/25/25     Page 8 of 9

public entity on a cause of action for which a claim must be presented must be commenced 'not later than six months' after written notice rejecting the claim is delivered to the claimant personally or deposited in the mail." *Id*. "[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1243 (2004). "Otherwise, [the plaintiff's] complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." *Id*.

The City argues that A.G.'s failure to plead compliance with the GCA's claim presentation requirement "is fatal to [A.G.'s] state law causes of action." (Dkt. 15 at 17.) A.G. acknowledges that the City was not served with an administrative claim in this case or the related case, *Kitchen v. City of San Leandro, et al.*, N.D. Case No. 22-cv-02373-JSW, but asks the Court to "consider the unique circumstances of the instant action under its equitable and discretionary authority and allow [A.G.'s] case to proceed." (Dkt. No. 18 at 13–15.) A.G. argues that the GCA provides "statutory grace periods designed to protect against extreme prejudice for an attorney's failure to take action required under the GCA[]" and attempts to invoke the "positive misconduct doctrine" to excuse his compliance with the claim presentation requirement. (*Id*. at 14.) A.G. specifically argues that although the GCA does not expressly provide a "positive misconduct" exception, because "the GCA contains a similar exception for excusable neglect . . . the Court [should] use its discretionary authority to similarly find that [A.G.] is excused from the [] requirement due to his unique position viz a viz the positive misconduct of the attorney for his father's estate." (*Id*. at 15.)

The "positive misconduct" doctrine does not excuse A.G.'s non-compliance with the GCA, and the cases on which A.G. relies are not persuasive. (*Id*. at 14–16.) In each of A.G.'s cited cases, the positive misconduct doctrine was raised based on action (or inaction) ***of a party's attorney***, not the attorney of a third party. *See, e.g.*, *Mitchell v. Dep't of Transportation*, 163 Cal. App. 3d 1016, 1023, 210 Cal. Rptr. 266, 270 (Ct. App. 1985) ("The only positive misconduct by plaintiff's first attorney exists in the inventive mind of plaintiff's second attorney."); *Aldrich v. San Fernando Valley Lumber Co.*, 170 Cal. App. 3d 725, 738 (Ct. App. 1985) (finding plaintiff's attorney "did nothing further on the case and his right to practice law was suspended . . . prior to

entry of the order of dismissal" and "[h]is dereliction of professional duties constituted actual misconduct and his client was not even nominally represented"); *Buckert v. Briggs*, 15 Cal. App. 3d 296, 301 (Ct. App. 1971) ("[P]laintiff's attorney, as shown by his conduct, in effect was not representing them as their attorney, although he purported to do so and they had no reason to believe he would not represent them."); *Fleming v. Gallegos*, 23 Cal. App. 4th 68, 74 (1994), *as modified on denial of reh'g* (Mar. 31, 1994) ("Here, in contrast, Fleming's attorneys expressly and impliedly promised they would prosecute her lawsuit while they took no action whatsoever.").

While the Court is sympathetic to A.G.'s circumstances, the law does not support A.G.'s argument that the positive misconduct doctrine can be used to excuse non-compliance with the GCA based on the alleged misconduct of a third-party's attorney. Accordingly, A.G.'s state law claims are DISMISSED without leave to amend.

**D.  Defendant's Motion to Strike Plaintiff's Request for Punitive and Exemplary Damages**

A.G. seeks punitive and exemplary damages against the City. (Compl. at 12.) A.G. does not, however, seek punitive and exemplary damages against Defendants Fletcher and Overton. (*Id.*) Punitive and exemplary damages are not recoverable against public entities. *See* Cal. Govt. Code § 818. As such, the Court **GRANTS** the City's motion to strike A.G.'s claim for punitive and exemplary damages against the City.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the City's motion to dismiss with leave to amend for A.G.'s *Monell* claim, **GRANTS** the City's motion to dismiss without leave to amend for A.G.'s state law claims, and **GRANTS** the City's motion to strike A.G.'s prayer for punitive and exemplary damages. Should Plaintiff wish to amend their complaint, they may file an amended complaint by no later than April 28, 2025.

**IT IS SO ORDERED.**

Dated: March 25, 2025

JEFFREY S. WHITE
United States District Judge